# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TROY A. GARCIA,<br><br>         Plaintiff,<br><br>vs.<br><br>SPECIALIZED LOAN SERVICING LLC; AMERICAN HONDA FINANCE CORP.; TOYOTA FINANCIAL SERVICES; WELLS FARGO CARD SERVICES; EQUIFAX INFORMATION SERVICES, LLC,<br><br>         Defendants. | 2:17-cv-01721-RFB-VCF<br>**ORDER**<br><br>MOTIONS TO FILE EXHIBITS UNDER SEAL (ECF NOS. 53 AND 56) |

Before the Court is Plaintiff Troy A. Garcia's ("Plaintiff") Re-urged Motion to Seal Exhibits to Plaintiff's Motion for Partial Summary Judgment and Motion Itself (ECF No. 53) and Motion to Seal Exhibits to Plaintiff's Response to SLS's Motion for Summary Judgment and Motion Itself (ECF No. 56). For the following reasons, SLS's motions to seal are granted in part.

## BACKGROUND

On May 14, 2018, Plaintiff filed a motion for summary judgment in an action against Specialized Loan Servicing, LLC ("SLS"). (ECF No. 37). Plaintiff also filed a motion to seal exhibits to its motion for summary judgment. (ECF No. 39). On June 6, 2018, the undersigned Magistrate Judge denied Plaintiff's motion to seal because Plaintiff failed to articulate compelling reasons to seal the exhibits in question. (ECF No. 45). Plaintiff then filed this motion to seal. (ECF No. 53). Plaintiff filed an additional motion requesting to seal identical exhibits attached to Plaintiff's response to Defendant's motion for summary judgment. (ECF No. 56). SLS filed no response to these motions to seal. At issue here is whether

Plaintiff provided compelling reasons to justify sealing Exhibits 11, 16, and 22 to its motion for summary judgment and response to Defendant's motion for summary judgment.

## DISCUSSION

The Ninth Circuit has emphasized a strong presumption in favor of access to court records and documents. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This general right to public documents, however, is not absolute. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). The Court may allow a party to file a document under seal without redaction, pursuant to Fed. R. Civ. P. 5.2(d). Local Rule IA 10-5 explains that a party may file a document with the court under seal if accompanied by a motion for leave to file those documents under seal.

The moving party must overcome the presumption of access by citing "compelling reasons supported by specific factual findings" to seal documents regarding a dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135 (citations omitted)). The reasons provided must be compelling enough to overcome the public's interest in access to those documents. *Id.* Such compelling reasons exist when there is potential for documents to "become a vehicle for improper purposes" such as the gratification of private spite, promotion of public scandal, circulation of libelous statements or the release of trade secrets. *Id.* at 1179. The Ninth Circuit defines a trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (citations omitted).

The Court's decision to seal certain judicial records must not rely on "hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179. Thus, SLS must show a "compelling reason" why each of the exhibits it has requested to file under seal outweigh the public's interest in "understanding the judicial process." *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990). When parties file a stipulated protective order with the Court to designate certain exhibits as confidential, the movant still must meet the compelling reasons standard to file the exhibits under seal. *Kamakana*, 447 F.3d at 1179.

### a. Exhibit 11 (ECF Nos. 38-8, 55-8) and 16 (ECF Nos. 38-12, 55-12)

The Court's order denying Plaintiff's earlier motion to seal states that in order to succeed in sealing the exhibits, Plaintiff must "sufficiently articulate, giving specific facts, what compelling reasons exist to justify sealing the documents" and maintains the burden to "overcome the presumption of access." (ECF No. 45 at 3). In his motion, Plaintiff states that both Exhibit 11 and 16 were "marked confidential by SLS" in the Stipulated Protective Order. (ECF No. 53 at 3). Plaintiff further submits that Exhibit 16 does not "meet the standard for sealing." (ECF No. 53 at 3). In his present motion, Plaintiff still has not met this burden as to Exhibit 16, because he has not articulated any compelling reasons that outweigh the public's interest in understanding the judicial process. Therefore, the Court denies Plaintiff's motions to seal Exhibit 16.

Although Plaintiff's motion contains similar language for Exhibit 11, the Court sealed the same document following SLS's motion to seal. (ECF No. 59 at 3). That order states that the exhibit "contain[s] non-public information regarding Garcia's debt and SLS's proprietary information" and that the exhibit "present[s] compelling reasons to seal as the disclosure of the documents could be sued as a vehicle for improper purposes." (ECF No. 59 at 3). Thus, compelling reasons still exist to seal this exhibit and the Court grants Plaintiff's motions to seal Exhibit 11.

### b. Exhibit 22 (ECF Nos. 38-14, 55-14)

In a statement provided to the Plaintiff, SLS states that Exhibit 22 "includes SLS's internal policies and procedures" and "contains SLS's proprietary information and trade secrets" which have the potential to "harm SLS's competitiveness within its industry." (ECF No. 53 at 3). This exhibit contains several SLS policies, procedures, and training guides. This exhibit falls well within the Ninth Circuit's definition of a trade secret because it provides SLS with an opportunity to gain a competitive advantage over competitors. The Court thus grants Plaintiff's motions to seal Exhibit 22.

**CONCLUSION**

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff Troy A. Garcia's Motion to File Exhibits to its Motion for Summary Judgment Under Seal (ECF No. 53) and Motion to Seal Exhibits to Plaintiff's Response to SLS's Motion for Summary Judgment (ECF No. 56) are GRANTED in part. The following documents shall remain under seal: ECF Nos. 38-8, 38-14, 55-8, and 55-14.

IT IS FURTHER ORDERED that ECF Nos. 38-12 and 55-12 will be unsealed.

DATED this 18th day of July, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE