# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY A. GARCIA, | Case No. 2:17-cv-01721-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| SPECIALIZED LOAN SERVICING LLC; AMERICAN HONDA FINANCE CORP.; TOYOTA FINANCIAL SERVICES; WELLS FARGO CARD SERVICES; EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendants | |

## I.     INTRODUCTION

Before the Court is Defendant Specialized Loan Servicing, LLC's Motion for Summary Judgment (ECF No. 35) and Plaintiff Troy A. Garcia's Motion for Partial Summary Judgment ECF No. 37).  For the reasons stated below, Defendant's motion is granted in part and denied in part, and Plaintiff's motion is denied.

## II.     PROCEDURAL BACKGROUND

On June 21, 2017, Plaintiff filed a Complaint with Jury Demand against Specialized Loan Servicing, LLC, American Honda Finance Corp., Toyota Financial Services, Wells Fargo Card Services, and Equifax Information Services, LLC, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  ECF No. 1.

American Honda Finance filed its Answer on September 5, 2017.  ECF No. 9.  Specialized Loan Servicing filed a Motion to Dismiss on September 19, 2017.  ECF No. 16.  Wells Fargo Card Services filed its Answer on September 22, 2017.  ECF No. 18.

The Court issued a Scheduling Order on October 6, 2017. ECF No. 21. Discovery closed on March 5, 2018. Id.

On December 18, 2017, the Court granted a stipulation to dismiss American Honda Finance with prejudice. ECF No. 28. On February 8, 2018, the Court granted a stipulation to dismiss Wells Fargo Card Services with prejudice. ECF No. 30.

On May 14, 2018, Specialized Loan Servicing filed the instant Motion for Summary Judgment, ECF No. 35, and Plaintiff filed the instant Motion for Partial Summary Judgment, ECF No. 37.

On June 7, 2018, the Court granted a stipulation to dismiss Equifax Information Services with prejudice. ECF No. 51.

On September 21, 2018, the Court held a hearing on the pending motions. ECF No. 66. The Court denied the Motion to Dismiss for the reasons stated on the record. Id. The Court took the instant motions under consideration. Id.

### III. UNDISPUTED FACTS

The Court finds the following facts to be undisputed.

Plaintiff resides in Clark County, Nevada. On May 26, 2011, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Nevada. On May 11, 2016, the Bankruptcy Court confirmed Plaintiff's plan. Plaintiff made all payments required under the terms of the plan, and the debts to each Defendant were discharged through the Bankruptcy on August 1, 2016.

In an Equifax credit report dated September 13, 2016, Specialized Loan Servicing inaccurately reported that Plaintiff owed an outstanding balance of $74,643 and that Plaintiff was past due in the amount of $7,373. Specialized Loan Servicing also reported an account status of "charge-off" and a balloon payment amount of $53,419. Plaintiff had surrendered the property associated with this debt and performed all obligations owed to Specialized Loan Servicing after filing the Chapter 13 bankruptcy.

///

On October 18, 2016, Plaintiff disputed Specialized Loan Servicing's reported information by notifying Equifax, in writing, of the inaccurate credit information and requesting that it be removed, corrected, or deleted. On or about November 3, 2016, Plaintiff received notification from Equifax that Specialized Loan Servicing and Equifax received notice of Plaintiff's dispute.

Following Plaintiff's notification, Specialized Loan Servicing updated its reporting to correctly report an outstanding balance of $0 and a past-due balance of $0. However, Specialized Loan Servicing and Equifax continued to report an account status of "charge-off" and a balloon payment amount of $53,419.

## IV. DISPUTED FACTS

Plaintiff and Specialized Loan Servicing dispute whether Specialized Loan Servicing conducted a reasonable investigation and whether the continued reporting of the $53,419 balloon payment was inaccurate or misleading. The parties additionally dispute whether Plaintiff suffered actual damages traceable to the alleged unreasonable investigation or inaccurate reporting.

## V. LEGAL STANDARDS

### A. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).

If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (quotation marks omitted).

### B. The Fair Credit Reporting Act

"Congress enacted the Fair Credit Reporting Act ('FCRA'), 15 U.S.C. §§ 1681–1681x, in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)). "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" Id. (alteration in original) (quoting 15 U.S.C. § 1681(a)(4)).

"The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. . . . However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA." Id. at 1154 (citations omitted); see also Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059–60 (9th Cir. 2002) ("That with these words Congress created a private right of action for consumers cannot be doubted. That right is to sue for violation of any requirement 'imposed with respect to any consumer.'").

15 U.S.C. § 1681s-2(b) provides for the duties of furnishers of information upon notice of a dispute. 15 U.S.C. §§ 1681s-2(b) provides in relevant part:

> (1) In general. After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>     (A) conduct an investigation with respect to the disputed information;
>     (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];
>     (C) report the results of the investigation to the consumer reporting agency;
>     (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>     (E) if an item of information disputed by a consumer is found to be

> inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

A furnisher may be held liable for violation 15 U.S.C. § 1681s-2(b)(1) if it fails to conduct a reasonable investigation after being notified by a CRA of a consumer's dispute. Gorman, 584 F.3d at 1157. The question of whether an investigation was reasonable is typically left to the jury – however, summary judgment of the reasonableness issue is appropriate to grant "when only one conclusion about the conduct's reasonableness is possible." Id. (citation and quotation marks omitted). A furnisher may also be held liable if it conducts a reasonable investigation but subsequently declines to "rectify past misreporting and prevent future misreporting of information." Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1108 (9th Cir. 2012).

The FCRA provides for actual damages, punitive damages, and attorney's fees for willful violations of its statutory requirements. 15 U.S.C. § 1681n(a). If a plaintiff establishes a negligent violation of the statute, the FCRA provides for actual damages and attorney's fees. 15 U.S.C. § 1681o(a). "The term 'actual damages' has been interpreted to include recovery for emotional distress and humiliation. . . . [N]o case has held that a denial of credit is a prerequisite to recovery under the FCRA." Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995) (citations omitted). "A plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." Syed v. M-I, LLC, 853 F.3d 492, 499 (9th Cir. 2017), cert. denied, 138 S. Ct. 447 (2017) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016)).

## VI. DISCUSSION

### A. Accuracy of Balloon Payment Reporting

In its motion for Summary Judgment, Specialized Loan Servicing argues that it was not inaccurate to report the balloon amount as a historical term of the debt. In its cross-motion,

Plaintiff argues that the report inaccurately states that Plaintiff continued to owe $53,419 on an account that he had properly discharged in his bankruptcy.

The Court finds a genuine dispute as to the accuracy of the balloon amount as reported. "[A]n item on a credit report can be incomplete or inaccurate ... because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Drew, 690 F.3d at 1108 (alterations in original) (citation and quotation marks omitted). The Court finds that it is not clear from the record whether the continued report of the balloon payment would be misleading to a furnisher of credit. While it is possible to find that historical information is not misleading to a furnisher of credit when the balance amount is $0, it is also possible to find that the "charge-off" notation suggested that the $53,419 was a presently-collectable balance and that the $0 balance amount at best confuses the report rather than clarifies it. Because a reasonable jury may or may not find that the balloon payment and "charge-off" notation were incorrect or sufficiently misleading, the Court reserves this question for the jury.

### B. Reasonableness of Investigation

In its motion for Summary Judgment, Specialized Loan Servicing argues that no evidence supports Plaintiff's contention that it failed to conduct a reasonable investigation. In its cross-motion, Plaintiff argues that Specialized Loan Servicing performed a willfully or negligently inadequate investigation as a matter of law by failing to review all of the information he disputed.

It is undisputed that Specialized Loan Servicing investigated and modified the balance and past-due balance, but not the balloon payment amount, following Plaintiff's notification. Specialized Loan Servicing argues that even if it erred in its response, it conducted a reasonable investigation as a matter of law. Plaintiff responds with evidence that Specialized Loan Servicing violates its own policy by declining to investigate further as long as the account status is accurate. Specialized Loan Servicing contends that Plaintiff fails to show that it deviated from investigatory policies in Plaintiff's particular case.

Plaintiff acknowledges that Specialized Loan Servicing investigated the balloon amount. The factual dispute in this case is the reasonableness of Specialized Loan Servicing's decision to

continue reporting the balloon amount in light of its investigatory findings. The Court finds that Plaintiff identifies no failure to investigate that affected the information reported. A more exhaustive search would not have resulted in a different report, as Specialized Loan Servicing was aware that the balloon amount was historical information and nevertheless continued to report it. Moreover, even assuming arguendo that the investigation was lacking as a factual matter, no harm to Plaintiff resulted. Therefore, the Court finds that Plaintiff's FCRA claim may <u>only</u> proceed as to Plaintiff's inaccurate reporting theory pursuant to § 1681s–2(b)(1)(D) & (E).

### C. Damages

Specialized Loan Servicing argues that Plaintiff has failed to demonstrate any cognizable injury fairly traceable to Specialized Loan Servicing's conduct. Plaintiff responds that he incurred lost time at work, stress and frustration, fear of credit denials, and transportation costs, as supported by deposition testimony. Plaintiff also argues that he is entitled to punitive damages because Specialized Loan Servicing's conduct was willful.

The Court finds that Plaintiff could establish actual damages. It is uncontested that Plaintiff did not suffer a denial of credit as a result of Specialized Loan Servicing's reporting, but Plaintiff testified to stress suffered as a result of the allegedly inaccurate credit report, which constitutes sufficient harm under the law. <u>Guimond</u>, 45 F.3d at 1333 (9th Cir. 1995). The Court also finds that Plaintiff could establish punitive damages if the jury determines that Specialized Loan Servicing willfully violated the FCRA. Such a willful violation could be inferred from Specialized Loan Servicing's knowledge that the balloon amount was historical information and its continued reporting of the $53,419 debt. The Court leaves the determination of damages to the jury.

For the reasons noted above as to the genuine issues of disputed fact between the parties, the Court does not find that Plaintiff has established any of his claims as a matter of law upon undisputed facts.

### VII. CONCLUSION

Accordingly,

**IT IS ORDERED** that Specialized Loan Servicing's Motion for Summary Judgment (ECF

No. 35) is DENIED in part and GRANTED in part.

**IT IS FURTHER ORDERED** that Troy Garcia's Motion for Partial Summary Judgment (ECF No. 37) is DENIED.

**IT IS FURTHER ORDERED** that the parties are directed to submit a Joint Pretrial Order by April 24, 2019.

DATED: March 20, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**