UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY A. GARCIA,  Plaintiff,  v.  SPECIALIZED LOAN SERVICING LLC, *et al*,  Defendants. | Case No. 2:17-cv-01721-RFB-VCF  ORDER |

### I.  INTRODUCTION

Before the Court is Defendant Specialized Loan Servicing LLC's ("SLS") Motion for Reconsideration (ECF No. 68).

### II.  PROCEDURAL BACKGROUND

On June 21, 2017, Plaintiff filed a Complaint with Jury Demand against SLS, American Honda Finance Corp., Toyota Financial Services, Wells Fargo Card Services, and Equifax Information Services, LLC, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). ECF No. 1. The Court granted stipulations of dismissal with prejudice as to American Honda Finance, Wells Fargo Card Services, and Equifax Information Services. ECF Nos. 28, 30, 51.

On May 14, 2018, SLS filed a Motion for Summary Judgment, ECF No. 35, and Plaintiff filed a Motion for Partial Summary Judgment, ECF No. 37. On September 21, 2018, the Court held a hearing on the motions. ECF No. 66. The Court denied a Motion to Dismiss for the reasons stated on the record and took the Motions for Summary Judgment under consideration. Id.

The Court issued its order on the Motions for Summary Judgment on March 21, 2019. ECF No. 67. The Court granted SLS's Motion for Summary Judgment in part and denied it in part, id. at 7-8, and denied Plaintiff's Partial Motion for Summary Judgment, id. at 8.

Defendant filed the instant Motion for Reconsideration on April 16, 2019. ECF No. 68. Plaintiff responded on May 4, 2019. ECF No. 78. Defendant replied on May 20, 2019. ECF No. 81.

The parties filed a joint pretrial order on February 3, 2020. ECF No. 93.

### III.   FACTUAL BACKGROUND

The Court incorporates its factual findings as to the underlying dispute from its order. ECF No. 67 at 2-3.

Plaintiff disputed SLS's reported information listed in an Equifax credit report by notifying Equifax, in writing, of inaccurate credit information and requesting that it be removed, corrected, or deleted. Relevant for purposes of the instant motion, Plaintiff contested the reporting of a balloon payment amount of $53,419. SLS updated its reporting to correctly report other disputes Plaintiff raised but continued to report an account status of "charge-off" and a balloon payment amount of $53,419.

The Court concluded in its order that there was a genuine dispute of material fact as to whether continued reporting of the $53,419 balloon payment was inaccurate or misleading and denied SLS's motion as to this ground, but found that there was no genuine dispute that SLS conducted a reasonable investigation, and granted SLS's motion as to that ground. The Court therefore permitted the case to proceed solely as to Plaintiff's inaccurate reporting theory pursuant to § 1681s–2(b)(1)(D) & (E).

### IV.   LEGAL STANDARD

The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this Court may relieve the parties from its summary judgment order on various grounds, including the Court's mistake and any other reason that justifies relief. See Fed. R. Civ. P. 60(b).

However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted). Motions for reconsideration are disfavored, and a movant may not repeat arguments already presented. D. Nev. Civ. R. 59-1(b). Conversely, "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880 (internal quotations and citations omitted).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment no later than twenty-eight days after the entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). But the relief provided for is extraordinary and "should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell, 197 F.3d at 1255). The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id.

## V. DISCUSSION

Defendant seeks reconsideration of the Court's order (ECF No. 67) granting and denying in part its Motion for Summary Judgment (ECF No. 35). Defendant argues that the Court's reliance on the "charge-off" notation as the basis for finding a genuine dispute of material fact as to whether the balloon report would be misleading to a furnisher of credit was error, as the charge off dispute was first raised in litigation and not in the dispute notice. Plaintiff responds that Defendant did not raise this argument in the original motion and cannot therefore do so in the instant motion.

As an initial matter, the Court finds that Defendant previously raised this argument when given the opportunity. Though Defendant did not make the argument in its initial Motion for Summary Judgment, see ECF No. 35 at 6-8, Defendant briefed the argument in reply, see ECF No. 60 at 3-6, and in its opposition to Plaintiff's Partial Motion for Summary Judgment (ECF No. 37), see ECF No. 58 at 5-6. In making this argument, Defendant does not violate Local Rule 59-1(b)'s prohibition on repetitive arguments, as Defendant notes the Court subsequently ruled differently on this precise issue. The Court therefore considers the substance of Defendant's initial argument that the charge-off notation was not disputed and therefore could not be considered in assessing the accuracy of the balloon amount.

"In order to trigger a credit reporting agency's duty under the FCRA to investigate a claim of inaccurate information, a consumer must notify the agency of the purported reporting error." Herisko v. Bank of Am., 367 F. App'x 793, 794 (9th Cir. 2010). Therefore, deficient notice to a consumer reporting agency "proves fatal" to a claim against a furnisher. Id. "A consumer may sue a furnisher of credit information . . . only if such furnisher breaches a list of duties enumerated in § 1681s–2(b)." Id. (citing Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). "However, '[t]hese duties arise only after the furnisher receives notice of dispute from a [credit reporting agency] . . . .'" Id. (emphasis added). This Court recently adopted the Ninth Circuit's reasoning in Herisko v. Bank of America. See Goz on behalf of estate of Travers v. Allied Collection Servs., Inc., No. 216CV01848RFBPAL, 2019 WL 1338386, at *4 (D. Nev. Mar. 25, 2019) (citing Herisko, 367 F. App'x at 794) ("But like the notice required to trigger a CRA's duty, a furnisher's duties under FCRA do not arise until it receives notice of the dispute.").

The Court finds that it committed clear error when it concluded in its order that, "Because a reasonable jury may or may not find that the balloon payment and 'charge-off' notation were incorrect or sufficiently misleading," there was a genuine dispute of material fact as to the accuracy of the balloon amount as reported. ECF No. 67 at 6. Given that Plaintiff did not dispute the charge-off notation in the original dispute as evidenced by Plaintiff's own exhibit, see ECF No. 37-13 at 2, SLS did not have notice of Plaintiff's dispute as to the charge-off prior to this litigation, and therefore had no duty under the FCRA as to that dispute. Because the Court reasoned that it was the *combination* of

1  the charge-off notation with the historical information indicating a balance amount of $0 that suggested
2  a trier of fact could determine the balloon payment would be misleading to a furnisher of credit,
3  excluding the charge-off notation from consideration eliminates the potential conflict between these
4  two pieces of information. Therefore, the appropriate inquiry is whether the historical information with
5  a balance amount of $0, which was disputed by Plaintiff, violates the FCRA.

6  Defendant additionally argues that because it presented evidence that it was not inaccurate to
7  report the balloon amount as a historical term of debt, Plaintiff was obliged to put forth affirmative
8  evidence indicating a furnisher of credit may be misled by the charge-off notation and the existence of
9  the balloon amount, but failed to do so, resulting in no evidence to support the Court's order. Plaintiff
10 responds that he will be able to present evidence at trial that indicates both that the balloon amount
11 was patently inaccurate and materially misleading.

12 "[A]n item on a credit report can be incomplete or inaccurate ... because it is patently incorrect,
13 or because it is misleading in such a way and to such an extent that it can be expected to adversely
14 affect credit decisions." Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1108 (9th Cir. 2012).
15 (alterations in original) (citation and quotation marks omitted).

16 On a motion for summary judgment, "If the moving party satisfies his initial burden, the
17 opposing party may not rely on denials in the pleadings but must produce specific evidence, through
18 affidavits or admissible discovery material, to show that the dispute exists." Bhan v. NME Hosps., Inc.,
19 929 F.2d 1404, 1409 (9th Cir. 1991) (citing Fed. R. Civ. P. 56(e)).

20 The Court finds that Plaintiff failed to put forth admissible evidence that the balloon amount
21 would have been misleading in such a way and to such an extent that it can be expected to adversely
22 affect credit decisions, or that it was patently inaccurate. Given the Court's finding in its order that "it
23 is possible to find that historical information is not misleading to a furnisher of credit when the balance
24 amount is $0" coupled with the Court's conclusion *supra* that it erred in considering the charge-off
25 notation when assessing the potentially misleading nature of the balloon amount, Plaintiff was
26 obligated to put forth evidence suggesting the historical information with the balance amount of $0
27 would be misleading to a furnisher of credit.  The Court finds Plaintiff failed as non-movant to present
28 any affirmative evidence in accordance with burden-shifting on a motion for summary judgment in the

form of affidavits or admissible discovery material to show there was a dispute as to whether the balloon account is patently incorrect or misleading to a furnisher of credit. Plaintiff has failed once more in his response to the instant motion to indicate where in the record he provided affirmative evidence suggesting the balloon amount was misleading, and Plaintiff's assertions that he may put forth such evidence at trial is inapposite, as it fails to satisfy his burden to produce such evidence now. Therefore, because Plaintiff provided no evidence to suggest a dispute as to the inaccuracy of the balloon amount and fails to point to any such evidence here, the Court committed clear error in concluding there was a genuine dispute of material fact as to the inaccuracy of the balloon amount. As such, summary judgment in favor of Defendant was and is appropriate as to Plaintiff's remaining inaccurate reporting theory pursuant to § 1681s–2(b)(1)(D) & (E).

### VI.     CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration (ECF No. 68) is **GRANTED**. The Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 35) in full for the reasons discussed in this order.

**IT IS FURTHER ORDERED** the Clerk of Court enter judgment in favor of Defendant and close this case.

DATED: <u>April 20, 2020</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**